# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

  v.               Case No.  07-CR-123

ROBERT HAMPTON, et al,

      Defendants.

## ORDER

On July 19, 2007, this court ordered that all Title III motions were to be filed no later than October 29, 2007. (Docket No. 89.) On October 29, 2007, defendants Robert Wilson, (Defendant No. 15), and James Ewing, (Defendant No. 21), filed motions related to the government's failure to provide them with copies of recordings of certain intercepted telephone calls. Both defendants allege that they have received compact disks labeled as containing co-defendant Darin Bowie's telephone calls intercepted between September 7, 2006, and October 6, 2006, but these compact disks actually contained calls intercepted between October 7, 2006, and November 6, 2006. (Docket Nos. 227, 229-2.) Both of the defendants' attorneys contacted the government's attorneys regarding this problem and in response, both again received compact disks labeled as containing the September 7 through October 6 phone calls, but actually containing the October 7 through November 6 phone calls. Both of the defendants' attorneys have been unable to make further contact with counsel for the government to resolve this problem.

Based upon the representations of defense counsel, the court will order that no later than **November 6, 2007**, the government shall provide to counsel for Robert Wilson and James Ewing copies of the recordings of the telephone calls intercepted from Darin Bowie's telephone between September 7, 2006 and October 6, 2006. Then, no later than **November 13, 2007**, defendants Robert Wilson and James Ewing may file additional pretrial motions related to this particular discovery. However, the court

shall not accept any additional pretrial motion unless it is supported by a showing of good cause as to why the motion could not have been filed by October 29, 2007.

Robert Wilson also requests that the government provide any laboratory reports or other testing documentation related to the controlled substances that were allegedly seized from his person. (Docket No. 229.) His attorney has requested such reports from the government but has received no response to his request. Under the circumstances, the court finds the efforts detailed by counsel are sufficient to comply with Criminal L.R. 16.1(a). The information requested by Robert Wilson is discoverable pursuant to Federal Rule of Criminal Procedure 16(a)(1)(F) and therefore, if such laboratory reports of other testing documentation exists, the court will order the government shall provide the documents to counsel for Robert Wilson no later than **November 6, 2007**.

**IT IS THEREFORE ORDERED** that no later than **November 6, 2007**, the government shall provide to counsel for Robert Wilson and James Ewing copies of the recordings of the telephone calls intercepted from Darin Bowie's telephone between September 7, 2006, and October 6, 2006.

**IT IS FURTHER ORDERED** that no later than **November 13, 2007**, defendants Robert Wilson and James Ewing, may file additional pretrial motions related to this additional discovery. However, the court shall not accept any additional pretrial motion unless it is supported by a showing of good cause as to why the motion could not have been filed by October 29, 2007.

**IT IS FURTHER ORDERED** that no later than **November 6, 2007**, the government shall provide to counsel for Robert Wilson copies of any laboratory reports or other testing documentation relating to the testing of the controlled substances that form the basis for count twenty-three of the indictment, if such documentation exists.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2007.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge